# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| PETER ANTHONY FARNESE, ) | 1:03-CV-06450 LJO JMD HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| ) | |
| TERESA A, SCHWARTZ, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

PROCEDURAL HISTORY

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced.  Following a jury trial, Petitioner was convicted of grand theft, grand theft of a firearm, and possession of a firearm by an ex-felon.  He was sentenced to a term of eleven years in state prison.

1

1    Petitioner timely appealed his conviction to the California Court of Appeal, Third
2 Appellate District ("Third DCA").  See Answer, Ex. A[1] (Petitioner's Brief on Appeal); Ex. B (the
3 state's responding brief).  The Third DCA affirmed Petitioner's conviction but modified his
4 sentence.  Id. Ex. C.
5 Petitioner thereafter filed a petition for writ of habeas corpus in the California Supreme Court.
6 See, Answer, Ex. D.  The California Supreme Court denied the petition on July 30, 2003.  Id. Ex.
7 E.
8    On October 9, 2003, Petitioner filed the instant Petition for Writ of Habeas Corpus.
9 Respondent filed its Answer to the Petition on February 3, 2004.

## BACKGROUND[2]

Petitioner, a cousin of the victim's roommate, arrived at the victim's residence in Merced, towing a boat, in the latter part of March 1997.  Petitioner and the roommate were present at the Merced residence when the victim returned from work.  The victim told them he did not want Petitioner staying at the house while he was not there.  A short time later, Petitioner and the roommate left again with the boat.

After they left, the victim discovered a number of items of his property missing, including coins and jewelry, a video camcorder worth about $400, other camera equipment, and a handgun. The victim reported the theft to law enforcement, and that night, uniformed officers approached Petitioner's truck and boat at a gas station in the vicinity of Jamestown.

Petitioner walked toward the market, ostensibly to pay for gas, but instead fled the area. A search of the boat turned up the stolen items.  The roommate denied any knowledge or involvement in stealing the items from the victim.

///

///

---

[1] Further exhibit references are to the exhibits attached to Respondent's Answer, unless otherwise noted.

[2] This background information is taken from the unpublished opinion of the Third District Court of Appeal and is presumed correct.  28 U.S.C. § 2254(d)(2), (e)(1).

DISCUSSION

I.  Jurisdiction

     Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn. 7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly the Court has jurisdiction over this action.

     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied*, 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after its enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.  Standard of Review

     This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C . § 2254(a).

     The instant petition is reviewed under the provisions of the AEDPA.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Under the AEDPA, a petition for habeas corpus will not be granted unless the adjudication in question "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d); *see* Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

1    As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining "clearly established Federal law," the Court looks to the "holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; *see also* Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

This Court may not issue the writ simply because in its independent judgment the state court decision applied clearly established federal law erroneously or incorrectly; for a writ to issue, 'that application must also be unreasonable." Id. At 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable." Id. At 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, ninth circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See* Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th cir. 1999).

4

1    AEDPA requires that this court give considerable deference to state court decisions.  The
2 state court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).  Moreover, we are
3 bound by a state's interpretation of its own laws.  Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.
4 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).
5    Application of these standards is significantly impeded where, as here, the state court
6 supplies no reasoned decision on some or all of a petitioner's claims. Delgado v. Lewis, 223 F.3d
7 976, 981 (9th Cir.2000). Under such circumstances, the Court independently reviews the record to
8 determine whether the state court clearly erred in its application of Supreme Court law. Delgado
9 v. Lewis, 223 F.3d 976, 982 (9th Cir.2000) ("Federal habeas review is not de novo when the state
10 court does not supply reasoning for its decision, but an independent review of the record is
11 required to determine whether the state court clearly erred in its application of controlling federal
12 law."); see also, e.g., Greene v. Lambert, 288 F.3d 1081, 1089 (9th Cir.2002).  That is, although
13 the Court independently reviews the record, it still defers to the state court's ultimate decision.
14 III.  Review of Petitioner's Claims
15    **A.    Ground One: Perjured Testimony**
16    In his first ground for relief, Petitioner claims his conviction was obtained by the use of
17 perjured testimony, in violation of his right to a fair trial under the sixth and fourteenth
18 amendments to the United States Constitution.  See Petn. at 5.  Petitioner asserts that the
19 "centerpiece" of his conviction was the testimony of his cousin Frank Farnese, and that his
20 cousin later recanted his testimony in a letter to Petitioner.
21       1.    Factual Background
22    At trial, Frank Farnese testified that in March of 1997, Petitioner came to visit him at the
23 residence he shared with roommate Paul Champion (the victim).  Petitioner and Frank went to
24 Lake McClure where they camped and cruised in Petitioner's boat.  They then returned with the
25 boat to the residence.  Sometime after they got back to the residence, Champion arrived.
26 Champion told Frank that he did not want Petitioner staying at the residence.  Petitioner and
27 Frank decided to drive to Sonora.  Petitioner drove the vehicle.
28    On the way to Sonora, Petitioner pulled off the highway and stopped the truck at a gas

station. Frank saw a California Highway Patrol car on the side of the road, and Petitioner indicated that they were going to be pulled over. At the gas station, several police vehicles pulled up behind them. Petitioner got out of the car and walked toward the gas station's market. Frank did not see Petitioner again.

Police officers approached Frank and told him they were looking for stolen property. Frank gave them permission to search his truck and the boat. Police found items belonging to Mr. Champion, and Frank pointed out other items belonging to the victim that had escaped their notice. The police permitted Frank to leave the scene, and he went to a friend's house.

Frank Farnese testified that he did not take any of Mr. Champion's property and put it in the boat, that he did not help Petitioner do so, and that he was not even aware that the stolen items were in the boat until the police searched the boat and showed the items to him.

Frank called Mr. Champion that night and told him what had happened. Mr. Champion did not ask Farnese to leave the residence following the theft; Farnese and Champion continued as roommates for two months. Frank indicated that he and the victim were still friends as of the time he testified.

In his state habeas corpus petition, Petitioner alleged that new evidence existed proving that Frank Farnese, rather than Petitioner, was responsible for the theft of Mr. Champion's property. In support, Petitioner attached a handwritten letter, dated December 4, 1999, addressed to "Peter" from "Frank." <u>See</u> Ex. A to Petitioner's Superior Court Petition for Writ of Habeas Corpus. The letter states, in part, "I should have been honest from the beginning and you probably wouldn't be there now." The letter goes on to state that "I would have told the truth that I took the stuff." The letter further states "I was very mad but when I got sober I would have been scared and brought the stuff back." Additionally, the letter states that he testified at trial as he did because the District Attorney lied to him about how long a sentence Paul would receive if convicted (one year), and threatened Frank with a sentence of up to fourteen years if he did not testify.

2.   State Court Review

Petitioner's claim was first presented to the California Superior Court in a petition for

writ of habeas corpus.  The Superior Court denied the petition in a reasoned opinion on [date].  In denying the Petition, the state court held:

> Petitioner's new evidence is Exhibit "A".  It is not a declaration under oath.  It is not authenticated.  In Petitioner's Denial of Exception to the Return, he states that Exhibit "A" was a letter "that was anonymously sent to him by the prosecution witness Mr. Frank Farnese."  Petitioner further states that he has made futile attempts to obtain the whereabouts of Mr. Farnese.
> It is unclear what petitioner means by "anonymously sent."  Further, petitioner is Mr. Farnese's cousin.  His conclusion that Frank Farnese sent the letter to him, without supporting facts is insufficient to establish Mr. Farnese's unavailability.
> Exhibit "A" refers to a threat made by the District Attorney.  The Return to the Petition contains declarations by prosecutors assigned to Petitioner's case.  Both state that threats were never made.  Furthermore, the above references by Petitioner are contained under the subtitle, "Argument" and the document is not signed under penalty of perjury.
> Petitioner has the burden of establishing new evidence by presenting evidence that is creditable and convincing.  The new evidence must cast a fundamental doubt on the accuracy and reliability of the proceeding.
> Even if admissible, Exhibit "A" does not rise [to] the level of credible and convincing new evidence.

Superior Court Habeas Op. at 3.

### 3. Analysis

A conviction violates the Fourteenth Amendment if it is obtained by the use of perjured testimony the prosecutor knows to be false.  <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).  In the instant case, however, Petitioner does not allege or provide any evidence that the prosecution suborned perjury on the part of Frank Farnese, or that it was even aware of any such falsehood.  Rather, Petitioner asserts that Farnese admitted to perjuring himself in a letter to Petitioner well after the conclusion of the trial.  The Supreme Court has not established whether the prosecution's good faith use of perjured testimony violates a criminal defendant's due process rights.  The Ninth Circuit has issued contrary rulings on the unwitting use of perjured testimony.  <u>See</u> <u>United States v. Young</u>, 17 F.3d 1201 (9th Cir. 1994) (unwitting use of perjured testimony violates Due Process and entitles defendant to a new trial if a reasonable possibility exists that, but for the perjured testimony, the result of the proceedings would be different); <u>but</u> <u>see</u> <u>Pina v. Cambra</u>, 171 Fed.Appx. 674, 675 (9th Cir. 2006), *cert. denied* 127 S.Ct. 386 (2006) (holding that the rule in <u>Young</u> "is not clearly established federal law as determined by the United States Supreme Court.")  Given the Supreme Court's silence and the Ninth Circuit's inconsistent

treatment of good faith use of perjured testimony, We must conclude that federal law is not clearly established with regard to the unwitting use by the prosecution of perjured testimony. Accordingly Petitioner's claim must be denied.  See, 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362 (2000).

### B.   Ground Two:  Abuse of Discretion (Consecutive Sentencing)

In his second ground for relief, Petitioner claims the trial court abused its discretion in doubling his sentence and imposing a five-year sentence enhancement, thus violating the Sixth and Fourteenth Amendments to the United States Constitution.  Petitioner asserts it was improper for the trial court to enhance his sentence under Cal. Penal Code section 667(a) "without proper information." Petn. at 5.

Petitioner was convicted by jury of grand theft, grand theft of a firearm and possession of a firearm by a felon.  In a bifurcated proceeding, the trial court found Petitioner previously had been convicted of a serious felony within the meaning of Penal Code section 667, subdivision (a) (as to count two) and 1170.12, subdivision (c).  At Petitioner's sentencing hearing conducted on August 31, 1999, the trial court imposed an eleven year state prison term (the three year upper term in count two, doubled, plus the five year serious felony enhancement, with concurrent six year terms as to counts one and three).  Clerk's Transcript ("CT") at 151.[3]

#### Analysis of Petitioner's Claim

Federal habeas corpus review is available only on behalf of persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (year); Engle v. Isaac, 456 U.S. 107.  "A federal court may not issue the writ on the basis of a perceived error of state law."  Pulley v. Harris, 465 U.S. 37, 41 (1984). "Matters relating to sentencing and serving of a sentence are governed by State law and do not raise a Federal constitutional question."  Howard v. Craven, 306 F.Supp. 730, 732 (C.D. Cal. 1969); see also Miller v. Vasquez, 868 F.2d 1116, 1119 (9th Cir. 1989), *aff'd after remand*, 912 F.2d 469, *cert. denied*, 499U.S. 963 (1991) (holding that determination as to what constitutes a

---

[3] The concurrent terms for counts one and three were stayed by the Third DCA in its December 15, 2000 opinion.

"serious felony" under California sentence enhancement provision is a question of state sentencing law); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986) (no federal habeas relief for alleged error in the interpretation or application of state law); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967), *cert. denied* 395 U.S. 947 (1969) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").

The misapplication of state law only results in a federally cognizable claim if the sentence is arbitrary and capricious. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner must demonstrate that no reasonable sentence could have found aggravating factors to justify the sentence length. Lewis v. Jeffers, 497 U.S. 764, 783 (1990). Relief is only available when the sentence is arbitrary or fundamentally unfair. Newton v. Superior Court, 803 F.2d 1051, 1055 (9th Cir. 1986).

Petitioner alleges "[t]he Trial Judge improperly doubled petitioner's sentence and imposed a 5 year enhancement under CA PC Sect. 667(a) after concluding petitioner suffered a prior serious felony conviction, without proper information – only a 969(b) package from the Department of Correction and one page klutz[sic] information sheet." Petn. at 5. Because this claim alleges only errors of state law regarding consecutive sentencing, and Petitioner fails to demonstrate that his sentencing was arbitrary and capricious, he is not entitled to federal habeas relief.

Nor is Petitioner's claim salvaged by virtue of his assertion that his sentence violates the Sixth and Fourteenth Amendments. Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). To the extent Petitioner's claim is not predicated on an alleged violation of state law, it is conclusory. Accordingly, the claim should be

denied.

**C.     Ground Three: Improper Sentencing (Invalidity of Prior Conviction)**

In his third ground for relief, Petitioner claims that his prior conviction (Petitioner pled guilty on April 24, 1986, in Santa Clara Superior Court case no. C8649211) was constitutionally invalid because he did not knowingly and voluntarily waive his right to trial.[4]  As such, he asserts the prior conviction could not properly have been used by the trial court to enhance his sentence under Cal. Penal Code § 667 for a prior serious felony conviction.  He further states Penal Code section 1170.2(c)(1)(a) violates Penal Code 1192.5 and the Sixth and Fourteenth Amendments to the United States Constitution.

<u>Analysis of Petitioner's Claim</u>

In <u>Lackawanna County District Attorney v. Edward R. Coss, Jr.</u>, 532 U.S. 394 (2001), the United States Supreme Court addressed issues whether: (1) 28 U.S.C. § 2254 provides a remedy when a current sentence was enhanced based on an allegedly unconstitutional prior conviction for which the sentence has expired; and (2) the extent to which the prior expired conviction may be challenged in attack on the current sentence which it was used to enhance.  Pointing to its prior decision <u>Daniels v. United States</u>, 532 U.S. 374 (2001), addressing a motion under 28 U.S.C. § 2255, the United States Supreme Court explained:

> We held there [<u>Daniels</u>] that "[i]f...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction through a motion under § 2255." <u>Ante</u>, at __, 149 L.Ed.2d 590, 121 S.Ct. __.  We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.
>
> We grounded our holding in <u>Daniels</u> on considerations relating to the need for finality of convictions and ease of administration.  Those concerns are equally present in the § 2254 context.  The first and most compelling interest is in the finality of convictions.  Once a judgment of conviction is entered in state court, it is subject to review in multiple forums....

---

[4] In the instant Petition, Petitioner makes no mention of the alleged failure to obtain a knowing and voluntary waiver of his rights in his prior conviction.  He does, however, raise a <u>Boykin/Tahl</u> claim in his state habeas petition, and Respondent addressed the argument in its Answer to the instant Petition.  We assume Petitioner intended to raise the same argument in this claim.

> As we said in <u>Daniels</u>, "[t]hese vehicles for review...are not available indefinitely and without limitation." <u>Ante</u>, __-__, 149 L.Ed2d 590, 121 S.Ct.__. A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. See <u>ante</u>, at __, 149 L.Ed.2d 590, 121 S.Ct.__. Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on "the [presumption of regularity' that attaches to final judgments." <u>Parke v. Raley</u>, 506 U.S. 20, 29, 121 L.Ed 2d 391, 113 S.Ct. 517 (1992) ...

The United States Supreme Court reiterated its holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid....If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." <u>Lackawanna</u>, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d at 618.

In the instant case, Petitioner attacked his prior conviction neither by direct appeal nor collaterally "in its own right" when remedies were available to him. Petitioner delayed over 15 years before questioning the validity of his prior conviction when it was used to trigger application of Cal. Penal Code § 667. Petitioner unsuccessfully challenged his prior conviction in the state court, which determined Petitioner failed to prove his <u>Boykin/Tahl</u> rights were violated. The prior conviction is conclusively valid and not subject to this Court's review more than a decade later.

Petitioner claims there is no indication that he was informed of his rights. Respondent notes that the records relating to his prior conviction were held for ten years (longer than the time required by law) before being destroyed. <u>See</u> Answer at __. The United States Supreme Court has recognized that belated challenges to prior convictions in federal court create problems regarding access to records:

> Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands. As time passes, and certainly once a state

11

1  sentence has been served to completion, the likelihood that trial records will be
2  retrained by the local courts and will be accessible for review diminishes substantially.

3  Lackawanna, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d at 618.

4  The Supreme Court has further explained:

5  The circumstance of a missing or nonexistent record is, we suspect, not atypical,
   particularly when the prior conviction is several years old....On collateral review,
6  we think it defies logic to presume from the mere unavailability of a transcript
   (assuming no allegation that the unavailability is due to governmental
7  misconduct) that the defendant was not advised of his rights.

8  Parke, 506 U.S. at 30, 113 S.Ct. 517.

9  A petitioner cannot satisfy his burden of proving constitutional invalidity of a prior
10 conviction "by pointing to a silent or ambiguous record." United States v. Malloy, 3 F.3d 1337,
11 1339 (9th Cir. 1993). A petitioner must make an affirmative showing that the prior conviction is
12 invalid to overcome the "presumption of regularity" that attaches to final judgments. Malloy, 3
13 F.3d at 1339.

14 Petitioner's prior conviction occurred in 1986, more than a decade prior to the conviction
15 at issue in the case at hand. Respondent has rationally explained the absence of a transcript of his
16 plea in the prior conviction, and Petitioner does not assert misconduct in the unavailability of the
17 transcript. Petitioner makes no affirmative showing that the prior conviction is invalid or less
18 than regular. The self-serving declaration attached to his state habeas petition is unavailing. See
19 United States v. Allen, 153 F.3d 1037, 1041 (9th Cir. 1998) (defendant's testimony at re-
20 sentencing hearing was insufficient to overcome presumption of regularity), *cert. denied*, 525
21 U.S. 1170 (1999); Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993) (en banc) ("self-
22 serving statements by a defendant that his conviction was constitutionally infirm are insufficient
23 to overcome the presumption of regularity accorded state convictions."), *cert. denied*, 510 U.S.
24 1180 (1994). For these reasons, Petitioner's Boykin/Tahl claim lacks merit and should be
25 denied.

26 With respect to Petitioner's claim that Penal Code section 1170.2(c)(1)(a) violates Penal
27 Code 1192.5 and the Sixth and Fourteenth Amendments to the United States Constitution, said
28 claim is without merit for the reasons stated above, Section III(B) Petitioner asserts a violation

1  of state law, for which federal habeas relief does not lie.  <u>Estelle</u>, 502 U.S. at 68.  His oblique

2  references to the Sixth and Fourteenth Amendments do not amount to a cognizable habeas corpus

3  claim.  <u>See</u> <u>Jones v. Gomez</u>, 66 F.3d at 205; <u>Greyson v. Kellam</u>, 937 F.2d at 1412; <u>Hiivala v.</u>

4  <u>Wood</u>, 195 F.3d at 1106.

5       **D.**      **Ground Four: Interference with Jury Deliberations**

6       In his fourth ground for relief, Petitioner asserts the trial judge interfered with jury

7  deliberations, thus violating Petitioner's Sixth and Fourteenth Amendment rights.  Petn. at 6.

8  Petitioner alleges that "[t]he trial judge entered the court jury deliberation room at 5:00 p.m. on

9  July 1, 1999, while the jury was still deliberating and had an initial vote of 11-1 for not guilty,

10 and informed the jury that they were to reach a verdict by a specified time that day or they would

11 have to return the following day.  This resulted in prejudice."  <u>Id.</u>

12      In support of his claim, Petitioner provides two sworn statements.  First, he includes the

13 declaration of Nancy Cauthren, in which she states:

14      "[O]n or about July 1, 1999, I was present in the office of Public Defender, Harry
     Jacobs, along with Peter Farnese, Denasi Ross, and Mr. Harry Jacobs when Mr.
15      Jacob's associate or investigator entered the office and indicated that he had spoke
     with one of the jurors who stated that there was an 11-1 Not Guilty vote."

16

17 Petitioner also provides a letter from Denasi Ross, who claims:

18      "I was in the courtroom by the courtroom door when I observed Judge Dennis
     Cornell coming from the jury deliberation room: as he walked directly past me he
19      said, 'I told them I wanted them (meaning the jury) to be done by six p.m. or they
     would have to come back tomorrow.'  Then he walked out fo the courtroom door.
20      This is a direct quote.  I thought this was odd at the time and wondered why he
     was pressuring the jury."
21

22      Respondent notes that Petitioner has not provided a declaration from any juror as to the

23 numerical division of any vote, and that the declaration of Nancy Cauthren is "nothing more than

24 a statement of hearsay upon hearsay."  Respondent further notes that the declaration of Denasi

25 Ross as to the trial judge's alleged communication with the jury is also hearsay.  Respondent

26 further points to a letter dated January 12, 2000, in which Petitioner's trial counsel states:

27      As far as the other claim is concerned, my recollection is somewhat different from
     that of Mr. Farnese.  The judge did, I recall, ask the jury at about 5:00 p.m.
28      whether they wanted to stay and deliberate or come back the following day and

resume deliberation, and their answer was that they wanted to stay. Shortly thereafter, they returned a verdict of guilty.

### State Court Review

Petitioner presented this claim in his petition for writ of habeas corpus in the California Superior Court. In rejecting Petitioner's claim of misconduct by the trial judge, the state habeas court found that the allegations about what a juror said are hearsay. State Habeas Op. at 4. The juror was not identified and Petitioner had not submitted any declaration from a juror. Id. In addition, the court found the allegation that the jury at one point voted 11-1 for acquittal was insufficient to establish any misconduct, as it is "common knowledge that jurors often take many votes and the votes vary as deliberations continue." Id.

The state habeas court likewise rejected Petitioner's claim that the trial judge's statement to the jury that they must reach a verdict by a specified time or return the following day constituted reversible error. The court noted Petitioner's trial counsel's declaration, in which he states that the judge, at about 5 p.m., inquired of the jury whether they wanted to stay or return the following day for deliberations. The court noted that the trial judge "clearly has the power to fix the time and place for deliberations." Id., *citing* Cal. Penal Code Section 1178.[5] As such, the state court found that the trial judge had committed neither error nor misconduct.

### Analysis of Petitioner's Claim

The determination of the state habeas court is neither contrary to, nor an unreasonable application of clearly settled federal law. Even if we are to credit the hearsay statements contained in Petitioner's two declarations, these statements simply do not demonstrate a violation of Petitioner's Constitutional rights. First, it is entirely immaterial whether or not the jury at one point voted 11 to 1 in favor of acquittal. There is no support for the argument that a jury, having so voted, cannot ultimately vote for conviction absent a violation of a defendant's due process. Nor is there any support for the contention that a trial judge violates due process by informing the jury that they will be required to return the following day if they do not finish deliberating at a

---

[5] The state court misidentifies Penal Code Section 1178 in reference to the court's power to fix the time and place for deliberations. This authority is actually found in Cal. Penal Code Section 1128.

certain point.  Rather, as the state habeas court notes, fixing the time and place for deliberations is clearly within the authority and part of the function of the trial judge.

Petitioner references United States v. Nazzaro, 472 F.2d 302 (2nd Cir. 1973) in support of his claim.  In Nazzaro, the trial judge vigorously participated in the examination of defendant and defense witnesses, and had numerous acrimonious exchanges with defense counsel, many of which occurred in the presence of the jury.  The Second Circuit held that the judge's conduct destroyed the impartial and judicious courtroom atmosphere, and ordered a new trial.  Nazzaro, is entirely distinct from the present case.  Here, there is no evidence that the trial judge communicated anything to the jury other than that they must either finish deliberations, or return the next day.  Such communication in no way amounts to a violation of Petitioner's due process rights.  Accordingly, the claim should be denied.

### E.   Ground Five: Ineffective Assistance of Appellate Counsel

In his final ground for relief, Petitioner claims he was denied the effective assistance of appellate counsel, in that counsel did not raise "very crucial issues of defense, such as Frank Farnese's letter which made it clear that Peter Farnese was innocent, and that Frank Farnese perjured himself to keep himself from receiving a 14 year sentence for a burglary and gun charge."  Petn. at 6.

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of appellate counsel are reviewed according to Strickland 's two-pronged test.  Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986); See, also, Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 353-54 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things.  First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms.  Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052,

2064 (1984).  Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, she would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness generally attaching to counsel's actions is even stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate advocacy. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).  Appealing every arguable issue would do disservice to the Petitioner because it would draw an appellate judge's attention away from stronger issues and reduce appellate counsel's credibility before the appellate court. Id. Appellate counsel has no constitutional duty to raise every nonfrivolous issue requested by petitioner. Id at 1434 n10 (*citing* Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308 (1983)).

### Analysis of Petitioner's Claim

Petitioner's claim is without merit.  The sole example of ineffectiveness cited by Petitioner is appellate counsel's failure to raise the issue of Frank Farnese's alleged perjury at trial.  However, as noted above, the only evidence of perjury is an unverified and unsubstantiated letter, which amounts to inadmissible hearsay.  No affidavit or statement sworn under penalty of perjury exists to substantiate this claim.  Given the weakness of this claim, appellate counsel was not ineffective in electing not to raise it on appeal.  See Miller v. Keeney, 882 F.2d at 1434 (weeding out weaker issues is one of the hallmarks of effective appellate advocacy); see also Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) (failure to raise a meritless legal argument does not constitute ineffective assistance of counsel).  Petitioner is unable to demonstrate that appellate counsel's performance on his behalf fell below an objective standard of reasonableness under prevailing professional norms.  Strickland, 466 U.S. 687-88. Accordingly, his claim should be denied.

///

///

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED and the Clerk of the Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 9, 2008**              /s/ John M. Dixon
                                     UNITED STATES MAGISTRATE JUDGE